1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

8

**SOUTHERN DISTRICT OF CALIFORNIA**

9

FREDERIC C. SCHULTZ,

10

Plaintiff,

11

v.

12

CHIEF JUSTICE OF THE UNITED
STATES JOHN G. ROBERTS, JR.
and DONALD J. TRUMP,

13

14

Defendants.

CASE NO. 17-cv-0097-WQH-KSC

ORDER

15

HAYES, Judge:

16

The matter before the Court is the Motion to Dismiss filed by John G. Roberts,

17

Jr. and Donald J. Trump  (collectively,"Defendants").  (ECF No. 9).

18

**I.  Background**

19

On January 19, 2017, Frederic C. Schultz initiated this action by filing a

20

Complaint against Defendants.  (ECF No. 1).  On June 13, 2017, Defendants filed a

21

Motion to Dismiss the Complaint. (ECF No. 9).  On July 7, 2017, Schultz filed a

22

Response in Opposition to Defendants' Motion to Dismiss.  (ECF No. 11).

23

**II.  Allegations of the Complaint**

24

"Schultz is a resident of the State of California, and a[s] such, cast a vote in the

25

November 8 2016 Presidential election for Democratic candidate Hillary Clinton."

26

(ECF No. 1 at ¶ 1.)

27

The final vote tally . . . in the general election held on Nov. 8 is Hillary
Clinton with 65,844,954 (48.2%) compared to Donald Trump receiving
62,979,879 (46.1%) votes . . . .  Despite this [vote tally], the Electors

28

1
2

> awarded the presidential election to Donald Trump . . . .  Therefore, compared to the actual number of votes cast, people who voted for Hillary Clinton had [thei]r votes diluted . . . ."

3

4

5

6

7

*Id.* at ¶¶ 7-8.  As a result, Donald Trump's assumption of the office of the President of the United States pursuant to the 2016 presidential election, and his continued occupation of that office, "violate[] Schultz's right[s] and the rights of all other citizens who voted for [Hillary] Clinton, under the Fifth Amendment's and Fourteenth Amendment's guarantees of equal protection of the laws . . . ."  *Id.* at ¶ 10.

8

### III.  Applicable Standard

9

10

11

12

13

14

15

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted."  "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pac. Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

16

17

18

19

20

21

22

23

24

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

25

26

27

28

A district court may dismiss a claim without leave to amend if "any proposed amendment would be futile." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990) (citing *Klamath–Lake Pharmaceutical Ass'n v. Klamath Medical Serv. Bureau*, 701 F.2d 1276, 1292–93 (9th Cir.)).

**IV.  Analysis**

Schwartz claims that Donald Trump's assumption of the presidency pursuant to the 2016 election and his continued occupation of that office violate his constitutional right to equal protection of the law.  (ECF No. 1 at ¶ 10.)  Specifically, Schwartz contends that the Electoral College system under which President Trump was elected violates the "one person, one vote" principle. *Id.* at ¶ 11 (citing *Baker v. Carr*, 369 U.S. 186 (1962)).  Defendants contend that the Constitution, particularly the Twelfth Amendment,[1] "sanctions the Electoral College system."  (ECF No. 9-1 at 6).

The Electoral College system is specifically provided for by the Twelfth Amendment. *Gray v. Sanders*, 372 U.S. 368, 380 (1963) ("The only weighting of votes sanctioned by the Constitution concerns matters of representation, such as . . . the use of the electoral college in the choice of a President.").  Schwartz does not allege any facts to support his claim that the Electoral College system violates his constitutional right to equal protection.[2]  Any proposed amendment to Schwartz's claim would be futile, as his complaint is based solely on the unconstitutionality of the Electoral College system.

**V.  Conclusion**

IT IS HEREBY ORDERED that the Defendants' Motion to Dismiss (ECF No. 9) is GRANTED.  The Complaint (ECF No. 1) is DISMISSED with prejudice.

DATED:  October 10, 2017

*William Q. Hayes*

**WILLIAM Q. HAYES**
United States District Judge

---

[1] The Twelfth Amendment states, "The electors shall meet in their respective states and vote by ballot for President . . . and the votes shall then be counted;--the person having the greatest number of votes for President, shall be the President, if such number be a majority of the whole number of electors appointed; and if no person have such majority, then . . . the House of Representatives shall choose immediately, by ballot, the President. . . ."

[2] Because the Court finds that Schwartz has failed to state a claim upon which relief can be granted, it declines to address Defendants' contention that the Court does not have subject matter jurisdiction over Schwartz's claim. *See* ECF No. 9-1 at 3-5.